UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              Plaintiff,

            v.

JEUANE HARVEY,

                              Defendant.
_____

<u>DECISION AND ORDER</u>

17-CR-6111DGL

       Defendant Jeuane Harvey ("Harvey") pleaded guilty to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g). On November 27, 2017, this Court sentenced Harvey to a term of 37 months imprisonment, some of it to be served partially consecutively to an anticipated state court sentence for a violation of parole. The Court also imposed a three-year term of supervised release.

       Harvey was released from prison in July 2021, and now moves for an order terminating the balance of his term of supervised release (Dkt. #58). Harvey filed a *pro se* memorandum in support of the motion (Dkt. #58) and the Federal Public Defender supplemented that filing with a second memorandum (Dkt. #61) in support of the motion for early termination of supervised release.

       Harvey has moved to Georgia and is being supervised there. By email memorandum of May 22, 2023, the Probation Office does not support Harvey's motion for early termination citing a series of positive drug tests for marijuana use in December 2022 and January 2023. Although Probation also notes that since January, Harvey has submitted numerous urinalyses, all of which were negative.

       The Government also opposes early termination. (Dkt. #62).

After reviewing all of the materials submitted, I hereby DENY defendant Harvey's motion for early termination from supervised release. The Court believed at the time of sentencing that a three-year term was appropriate and I see no reason to change that decision. It does appear now that Harvey has complied with the terms of supervised release. However, as the Government notes in its opposing memorandum, compliance is expected and that compliance does not, by itself, warrant early termination of supervised release.

Harvey was convicted of a serious firearms offense. He possessed a semi-automatic rifle in the City of Rochester and he had previously been convicted on two prior occasions of criminal possession of a weapon.

Supervised release is intended to assist convicted individuals to avoid criminal activity. This defendant has three prior firearms offenses and the term of supervised release imposed is entirely reasonable. Harvey has also been engaged in substance abuse counseling, which is to his benefit in light of his prior marijuana abuse. Harvey points to no specific reason or inconvenience to his remaining and completing the few months left on his term of supervised release.

I understand that I have discretion to terminate supervised release. 18 U.S.C. § 3583(e)(1). In exercising that discretion, I must consider the sentencing factors set forth in Section 3553(a). After considering those factors, I decline to terminate Harvey's term of supervised release.

## CONCLUSION

Defendant Jeuane Harvey's motion (Dkt. #58) for early termination of supervised release is DENIED.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       August 14, 2023.